# IN THE COURT OF APPEALS OF IOWA

No. 19-1230
Filed November 23, 2021

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**CHARLES LAMINE CEPHAS,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Warren County, Mark F. Schlenker, District Associate Judge.

The defendant challenges his guilty plea to an amended charge of operating while intoxicated, second offense. **APPEAL DISMISSED.**

Raya D. Dimitrova of Carr Law Firm, P.L.C., Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Darrel Mullins, Assistant Attorney General, for appellee.

Considered by Mullins, P.J., and May and Ahlers, JJ.

**AHLERS, Judge.**

Charles Lamine Cephas was charged with operating a motor vehicle while intoxicated, third offense. Pursuant to a plea agreement, the State amended the charge to operating a motor vehicle while intoxicated, second offense. In return, Cephas entered a guilty plea to the amended charge and agreed to join in a recommendation that he be sentenced to a prison term. The district court accepted Cephas's guilty plea and imposed the agreed-upon sentence. Cephas appeals. He contends his counsel was ineffective for allowing him to enter the guilty plea when the plea was not knowingly and voluntarily made.

We first determine whether we have jurisdiction to hear this appeal. In 2019, our general assembly passed and the governor signed an omnibus crime bill that took effect July 1, 2019. *See* 2019 Iowa Acts ch. 140; *see also* Iowa Code § 3.7 (2019) (with exceptions not applicable here, stating a bill takes effect on July 1 following its passage). Relevant to this appeal, the bill (1) limits a right to appeal following a guilty plea to cases "where the defendant establishes good cause"; and (2) requires all claims of ineffective assistance of counsel to be decided by postconviction-relief proceedings rather than on direct appeal. Iowa Code §§ 814.6(1)(a)(3), 814.7. As Cephas entered his guilty plea and was sentenced on July 1, 2019—the effective date of the bill—the 2019 legislation applies to this appeal. *See State v. Draine*, 936 N.W.2d 205, 206 (Iowa 2019).

Cephas's situation is the same as that addressed by our supreme court in *State v. Tucker*, 959 N.W.2d 140 (Iowa 2021). Like the defendant in *Tucker*, Cephas entered a guilty plea, failed to file a motion in arrest of judgment challenging the plea after being informed of the obligation to do so, was sentenced,

and then appealed, claiming counsel was ineffective in permitting him to enter the plea unknowingly and involuntarily. *See Tucker*, 959 N.W.2d at 144. The court rejected Tucker's claim that he established good cause to appeal as a matter of right by asserting his plea was not intelligently or voluntarily made. *Id.* at 153. The court held that Tucker's "failure to file a motion in arrest of judgment preclude[d] appellate relief." *Id.* Further, although we previously recognized an exception to the bar on challenging guilty pleas without filing a motion in arrest of judgment when the failure to file the motion resulted from ineffective assistance of counsel, that exception no longer applies because Iowa Code section 814.7 precludes our appellate courts from deciding ineffective-assistance-of-counsel claims on direct appeal. *Id.* at 153–54. Because the appellate courts could not provide relief, the court concluded Tucker did not establish good cause to pursue his appeal as a matter of right. *Id.* at 154.

The same result is required here. As Cephas pleaded guilty, he cannot appeal his guilty plea without establishing good cause. *See* Iowa Code § 814.6(1)(a)(3). By not filing a motion in arrest of judgment to challenge his guilty plea after being informed of the obligation to do so, he is precluded from being granted relief on appeal. *See Tucker*, 959 N.W.2d at 153. Claiming his counsel was ineffective for failing to file a motion in arrest of judgment does not provide an avenue of relief because we cannot hear ineffective-assistance-of-counsel claims on direct appeal. *See* Iowa Code § 814.7. As we cannot provide relief, Cephas has not established good cause to pursue this appeal as a matter of right, and this appeal must be dismissed. *See Tucker*, 959 N.W.2d at 154.

**APPEAL DISMISSED.**